FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N Y
★  SEP 17 2010  ★
LONG ISLAND OFFICE

D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WILLIAM HARRIS, # 100003561,

            Plaintiff,

     -against-

DETECTIVE JOHN DOE #1, DETECTIVE JOHN
DOE #2, POLICE OFFICER JOHN DOE #1,
POLICE OFFICER JOHN DOE # 2,

            Defendants.
----------------------------------------------------------------X

ORDER
10-CV-2358 (SJF)(WDW)

FEUERSTEIN, District Judge:

I.     INTRODUCTION

On May 24, 2010, incarcerated *pro se* plaintiff William Harris ("Plaintiff") filed a civil rights Complaint in this Court against four unnamed defendants, two of whom are alleged to be detectives with the Nassau County Police Department, 5th Precinct, and two of who are alleged to be police officers of the Nassau County Police Department, 5th Precinct. Accompanying Plaintiff's Complaint is an application to proceed *in forma pauperis*. Upon review of the declaration accompanying Plaintiff's application, I find that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's application is granted.

II.    THE COMPLAINT

According to the Complaint, "[o]n or about April 23, 2010 at approximately 5:15 pm,

plaintiff was walking to a bus stop on Hempstead Tpke in Elmont NY, two Nassau County Police Detectives pulled up in an 'unmarked' car and accused plaintiff of 'attempting' to steal two bicycles from these local kids." (Compl. at ¶ IV). Plaintiff claims that he denied any knowledge of the bicycle left and that he had been at his grandmother's house. Plaintiff describes that as he began to walk away he "was tackled by two Detectives . . . thrown to the ground and handcuffed, and punched in the face, and then punched in the back of his head and shoulders and upper torso." Id. Additionally, after allegedly receiving this initial beating, Plaintiff describes that "a police patrol car showed up and plaintiff suffered a further beating from two other police officers." Id. Plaintiff alleges that he was then arrested and charged with grand larceny, resisting arrest and possession of a controlled substance. Id.

As a result of the alleged beatings, Plaintiff claims to have suffered "lacerations and gashes to the face, elbows, knees, shoulders, and on top of the head and possible concussion." (Compl. at ¶ IV.A). Plaintiff seeks to recover two hundred million dollars ($200,000,000) in compensatory and punitive damages from the defendants in their individual and official capacities "for their excessive use of force of the Eight Amendment Rights." (Compl. at ¶ V).

III. DISCUSSION

A. The Prison Litigation Reform Act

The 1996 Prison Litigation Reform Act ("PLRA"), codified at 28 U.S.C. § 1915, requires a district court to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious;

fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). It is axiomatic that district courts are required to read *pro se* complaints liberally, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed.2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed.2d 251 (1976)); Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (quoting Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 795 (2d Cir. 1999)), and construe them "'to raise the strongest arguments that they suggest.'" Fulton v. Goord, 591 F.3d 37, 43 (2d Cir. 2009) (quoting Green v. U.S., 260 F.3d 78, 83 (2d Cir. 2001)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of the allegations in the complaint. See Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 66 L. Ed.2d 163 (1980); Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir.2006).

B. Section 1983

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured....

42 U.S.C. § 1983 (2000). To state a claim under Section 1983, a complaint must contain factual allegations plausibly suggesting: (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. American

3

Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S. Ct. 977 L. Ed.2d 130 (1999); Velez v. Levy, 401 F.3d 75, 84 (2d Cir.2005).

1. Unnamed Defendants

It is a general principle of tort law that a tort victim who cannot identify the tortfeasor cannot bring suit, however in the case of *pro se* litigants this rule has been relaxed. *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir.1997) (*per curiam*). It is not uncommon for a *pro se* litigant to have difficultly in identifying law enforcement defendants and ascertaining their addresses for service of process. To aid such *pro se* plaintiffs, district courts are to provide them assistance in making such identifications. *Valentin*, 121 F.3d at 75.

Here, Plaintiff has alleged claims against four (4) unnamed individuals who are allegedly employed by the County of Nassau and are assigned to the Nassau County Police Department, 5th Precinct. The United States Marshal Service will not be able to serve the intended individuals without further information. Accordingly, the Court hereby directs the County of Nassau to ascertain the full names of the unidentified detectives and officers whom plaintiff seeks to sue and their address(es) for service of process and provide such information to the Court by **October 20, 2010**. If it is not feasible for the County of Nassau ascertain this information, the County of Nassau shall so communicate this to the Court in writing. Once the identifying information is provided, Plaintiff's complaint shall be deemed amended to reflect the full names of these officers, summonses shall be issued, and the Court shall direct service on these individuals. Accordingly, the Clerk of the Court is directed to serve a copy of this Order on the

Nassau County Attorney's Office.

### 2. Fourth Amendment Excessive Force

Claims of excessive force during an arrest are analyzed under the Fourth Amendment "reasonableness" standard by examining the totality of the circumstances faced by the arresting officer to determine whether the amount of force used was objectively reasonable. Rivera v. City of Yonkers, 470 F. Supp. 2d 402 (S.D.N.Y. 2007). Considerations include, *inter alia*, whether an arrestee is actively resisting arrest or otherwise attempting to evade arrest. Id; Garcia v. Grisanti, 998 F. Supp. 270 (W.D.N.Y. 1998). To succeed on a Fourth Amendment excessive force claim, a plaintiff must show that the amount of force used was objectively unreasonable. Lowth v. Town of Cheektowaga, 82 F.3d 563 (2d Cir. 1996). "Determining whether the force used during an arrest is 'reasonable' requires balancing the 'nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" Graham v. Connor, 490 U.S. 386, 396, 109 S. Ct. 1865, 1872, 104 L. Ed. 2d 443 (1989) (internal quotation marks and citations omitted). This standard evaluates the reasonableness of the force used by considering the totality of the circumstances faced by the officer on the scene. Id.; Anderson v. Branen, 17 F.3d 552, 560 (2d Cir. 1994). Indeed, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." Graham, 490 U.S. at 396, 109 S. Ct. at 1872 (internal quotations and citation omitted).

In the instant case, Plaintiff claims that his constitutional rights were violated at first by the two unnamed detectives who, according to plaintiff, "tackled [] and...thr[ew plaintiff] to the

ground and handcuffed, and punched [him] in the face, and then punched [him] in the back of his head and shoulders and upper torso" and second by the two unnamed police officers whom plaintiff "suffered a further beating from." (Compl. ¶ IV). Construing the complaint to raise the strongest arguments it suggests, as required, this Court finds that plaintiff's complaint is not frivolous or malicious within the meaning of 28 U.S.C. § 1915.

IV. CONCLUSION

For the foregoing reasons, plaintiff's application to proceed *in forma pauperis* is granted and the Court hereby directs the County of Nassau to ascertain the full names of the unidentified detectives and officers whom plaintiff seeks to sue and their address(es) for service of process and provide such information to the Court by **October 20, 2010**. If it is not feasible for the County of Nassau ascertain this information, the County of Nassau shall so communicate this to the Court in writing. Once the identifying information is provided, Plaintiff's complaint shall be deemed amended to reflect the full names of these officers, summonses shall be issued, and the Court shall direct service on these individuals. Accordingly, the Clerk of the Court is directed to serve a copy of this Order on the Nassau County Attorney's Office.

The Clerk of the Court is further directed to mail a copy of this order, together with plaintiff's authorization, to the Superintendent of the facility in which plaintiff is incarcerated. The Superintendent of the facility in which plaintiff is incarcerated must forward to the Clerk of the Court a certified copy of plaintiff's trust fund account for the six (6) months immediately preceding this order, in accordance with plaintiff's authorization in his *in forma pauperis*

application. The agency holding plaintiff in custody must calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from his prison trust fund account, and disburse them to the Clerk of the United States District Court for the Eastern District of New York. The Warden or Superintendent shall not deduct more than twenty percent (20%) from plaintiff's trust fund account.

SO ORDERED.

Sandra J. Feuerstein
United States District Judge

Dated: September 17, 2010
      Central Islip, New York